**EXPORT S. S. CORPORATION et al. v. AMERICAN INS. CO. et al.**

District Court, S. D. New York.
July 17, 1940.

Haight, Griffin, Deming & Gardner, of New York City (John W. Griffin, of New York City, of counsel), for libelants.

Tompkins, Boal & Tompkins, of New York City (Arthur M. Boal, of New York City, of counsel), for respondent American Ins. Co., Newark, N. J.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for respondent American S. S. Owners Mut. Protection & Indemnity Ass'n, Inc.

LEIBELL, District Judge.

Libelant, Export Steamship Corporation, owner of the S. S. Exmoor, had a time policy for cargo damage expiring at noon February 20, 1937 with the respondent American Insurance Company. From noon of February 20, 1937 libelant had a similar time policy with the respondent American Steamship Owners Mutual Protection and Indemnity Association, Inc. During the period from January 19, 1937 to March 13, 1937 on a voyage from Greek and Turkish ports to New York, a cargo of tobacco was damaged while aboard the Exmoor. The shipowner settled the damage claims and brought suit against the two insurers.

On July 31, 1939, the Circuit Court of Appeals for the Second Circuit handed down a decision holding the first insurer liable for 26 percent of the damage and the second insurer for 74 percent. See opinion 106 F.2d 9. The parties have entered into a stipulation agreeing upon all the items of damage, excepting one. As to this disputed item the parties have stipulated the facts and submitted the issue on motion, for decision by me as the Judge who tried the case. The stipulation provides:

"2. The item in dispute is as follows:

"The policy of the respondent The American Insurance Company, Newark, New Jersey, contained the following:

" 'Notwithstanding anything to the contrary contained in this policy, no liability attaches to the assurers:

\*　\*　\*　\*　\*　\*

" 'For the first Two Thousand & 00/100 ($2,000.) Dollars of all claims hereunder in respect of cargo of the within named vessel (each voyage—not round trip).'

"The By-Laws forming part of the policy of the respondent American Steam-ship Owners Mutual Protection and Indemnity Association, Inc., contained the following:

" 'A deduction of $500 shall be made from any claim or claims in respect to each cargo carried.'

"The application forming part of the policy contained the following amendment increasing the amount deductible:

" 'Claims under subsection 5 are subject to a deduction of $2,000 with respect to each cargo carried.'

"It is the contention of the libelants that, under said policies and the decision of the Circuit Court of Appeals herein, the respondents are entitled to only one deductible average of $2,000, which should be divided between them in the same proportion as the damages; the respondents contend that, under the policies and the decision of the Circuit Court of Appeals herein, the libelants have a separate claim under each policy against each respondent, and that each respondent is entitled to the deductible set forth in its own contract,—that is, libelants have one claim against respondent, The American Insurance Company, Newark, New Jersey, and that claim is subject to a $2000 deductible, and libelants have another and different claim against the respondent, American Steamship Owners Mutual Protection and Indemnity Association, Inc., and that claim is likewise subject to a $2000 deductible."

The question appears to be a novel one. The argument advanced by the shipowner is that the unit covering the cargo insured by each policy was the voyage and since each of the respondents insured only part of the voyage during which the damage occurred, each should only be permitted a proportion of the deductible franchise. However, this reasoning seems contrary to that of the Circuit Court of Appeals. The whole tenor of its decision is that each policy is separate and distinct, covering a definite term, and that each insurer is liable only for the damage accruing during the term covered by its policy. The policies did not overlap.

In deciding the question of liability for damage the Circuit Court employed the test, in respect to each insurer, of assuming that there had been no other insurer. As to the first insurer the voyage ended, and its liability ceased, at noon February 20, 1937, while the vessel was at sea. Had there been no second policy, the first insurer would nevertheless be liable only for 26

percent of the total damage. Conversely, assuming that there had been no first policy, the Circuit Court of Appeals held that the second insurer would be liable only for damage accruing during the term of its policy. The voyage for the second insurer in effect began while the vessel was at sea, at noon February 20, 1937. The second insurer would be liable only for 74 percent of the total damage, even if there had been no first policy. The Circuit Court of Appeals decided that each insurer's liability is separate and distinct, based on its own contract, regardless of the existence of another contract of insurance effective for a period either before or after the period covered by the insurer's own contract.

The wording of each policy should be separately examined. The policy of the first insurer, American Insurance Company, Newark, New Jersey, provides that no liability attaches to the Assurers "For the first Two Thousand & 00/100 ($2,000) Dollars of all claims hereunder in respect of cargo of the within named vessel (each voyage—not round trip)." The word "hereunder" is specific. The deductible item relates to claims under said policy— not under any other policy, either of this Assurer or of any other Assurer.

The By-Laws form part of the policy of the second insurer, American Steamship Owners Mutual Protection and Indemnity Association, Inc. The application, forming part of the policy, contained an amendment which stated that "Claims under subsection 5 are subject to a deduction of $2,-000 with respect to each cargo carried". This amendment superseded subdivision (q) of subsection 5. Subdivision (q) read, "A deduction of $500 shall be made from any claim or claims in respect to each cargo carried". It is necessary to quote also: "Subsection 5. Liability for loss of or damage to or in connection with cargo or other property (except mail or parcels post), including baggage and personal effects of passengers, to be carried, carried or which has been carried on board an entered steamship; provided, however, that no liability shall exist hereunder for :".

Immediately following the above-quoted Subsection 5 there are nine paragraphs (a) to (i), inclusive, after which appears the clause, "and provided further that", which is followed in turn by eight paragraphs (j) to (q). Subsection 5 is one of fifteen subsections of Section 1 of Article IX of the By-Laws. Article IX is entitled "Protection and Indemnity Insurance". Section 1 has a marginal title "Risks Covered"; Subsection 5, "Cargo"; and subdivision (q), "Deductible Cargo Franchise".

The arrangement and position of Subsection 5 and its various subdivisions, and their relation to Section 1 clearly indicate that the "deductible" relates to claims which might be asserted by the assured as coming within the risks covered by this particular policy. Subdivision (q) of Subsection 5 has no application to any claims which the assured might assert under any other policy, for a period during which this policy was not in effect.

It is claimed that it would not be equitable to permit a total deduction of $4,000, when there was only one voyage. But would it be any more equitable to rewrite both insurance contracts to the detriment of the insurers, merely because the Exmoor was at sea when their respective policies terminated or commenced? The parties to the respective insurance contracts might have foreseen that possibility and inserted an appropriate clause to limit the total deduction to $2,000 for the whole voyage, no matter how many policies might have been in effect during the various periods of the voyage, with proper apportionment of the deduction among the insurers. The shipowner arranged for the two separate policies and also controlled the movements of the vessel. As events developed it became in effect a self-insurer in the sum of $2,000 for the period up to noon February 20, 1937, and for a further similar sum for the period after that date.

Under its policy, the first insurer should be credited with a deductible of $2,000 on the amount of libelant's claim against it for cargo damage, as fixed by the decision of the Circuit Court of Appeals. Similarly, the second insurer is entitled to deduct the first $2,000 of the amount of libelant's cargo damage claim against said insurer.

Submit order in accordance with this memorandum.